UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES A. BOYD *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:05-CV-227 PPS APR |
| | ) | |
| JUPITER ALUMINUM CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The parties have filed several stipulations of dismissal which require further clarification before the I can take action on them.

Docket Entry Numbers 46 and 49, both state:

*Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), the parties hereby dismiss this action with prejudice and without costs to any party. The parties request that the Court retain jurisdiction to enforce the terms of the agreements between the parties.*

Docket Entry Numbers 47 and 48, both state:

*Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), the parties hereby dismiss the claim of Myron Harris with prejudice and without costs to any party.*

The immediate question raised by these filings is why the parties filed two sets of identical dismissals. I suspect it has something to do with the apparent mistaken titles appearing on the electronic docket sheet. Document 46 is labeled as "Stipulation to Dismiss the claim of Myron Harris" on the docket sheet, when it is actually the dismissal for the entire action. Document 47, in contrast, is titled "Stipulation to Dismiss" when it is just the stipulation for Harris. Whether the later documents were filed to correct this, or whether they were just oversight, the parties should apprise the Court of its intentions.

Turning to the more substantive issue, the Stipulations to Dismiss the action provided for in Documents 46 and 49 are "with prejudice" but at the same time request that the Court retain jurisdiction to enforce the terms of the settlement agreement between the parties.  The Seventh Circuit has stated that this is precisely something that district courts are unable to do.  *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007).  "[W]hen a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction." *Id*. (citing *Lynch, Inc. v. SamataMason, Inc.*, 279 F.3d 487, 489-90 (7th Cir. 2002); *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006).  The Seventh Circuit has provided alternatives that allow the parties to reach largely the same ends.  They may request that the district court dismiss the matter "without prejudice" but state that the parties will not be permitted to reopen issues resolved by the judgment.  *Shapo*, 463 F.3d at 646. Another alternative is to dismiss without prejudice but for the parties to include in the settlement a release of the defendant, thereby availing themselves of the certainty provided by res judicata.  *Id*.; *Dupuy*, 495 F.3d at 809.

The parties are therefore **ORDERED** to clarify or withdraw the four separately filed stipulations to dismiss (DE 46-49) on or before **April 16, 2008.**  The parties shall explain which of the filed stipulations they wish to preserve.  They shall further clarify whether they still desire the Court to dismiss the matter prejudice (and thereby foregoing jurisdiction) or whether they wish to avail themselves of one of the aforementioned alternatives presented by the Seventh Circuit.

**SO ORDERED.**

ENTERED: April 9 , 2008

                                            s/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT